IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE HUTCHINSON, :
:
    Plaintiff, : CIVIL NO. 3:CV-08-1802
:
  vs. : (JUDGE VANASKIE)
:
RONNIE HOLT, et al., :
:
    Defendants. :

M E M O R A N D U M

    George Hutchinson, an inmate currently confined at the United States Penitentiary at Canaan (USP-Canaan), Pennsylvania, filed this civil rights action pursuant to 28 U.S.C. § 1331 on September 30, 2008. He requests leave to proceed in forma pauperis in this matter.[1] Named as Defendants are USP-Canaan employees Warden Ronnie Holt and Lieutenant R. Thomas. In the complaint, Hutchinson maintains that Defendants violated his rights under the Eighth and Fourteenth Amendments when they filed an unlawful detention order to have him placed in a Special Housing Unit without cause where he is now subjected to conditions he

---

[1] Hutchinson completed this Court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued on October 14, 2008 (Dkt. Entry 7), directing the warden at USP-Canaan to commence deducting the full filing fee from Hutchinson's prison trust fund account.

would not be experiencing if confined in general population.  As relief he seeks monetary damages.  The complaint is currently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(b).  For the reasons that follow, the complaint will be dismissed for failure to state a claim upon which relief can be granted.

I.      Background

Plaintiff alleges that on August 22, 2008, Defendants filed an "unlawful detention order" against him and, without cause, placed him in the Special Housing Unit at USP-Canaan.   He claims that since that time he has been deprived of all rights to general population privileges and is denied commissary, movies, recreation, and contact visitation.  He complains that his personal property was impounded, he is subject to 23-hour cell confinement, and has lost wages from the position he held in the food service department.  He further states that he only receives one (1) fifteen minute phone call a month and one (1) hour of recreation a day.  He claims that Defendants' actions in confining him in the SHU violates the Eighth Amendment, as well as deprives him of due process and equal protection.

II.     Discussion

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  The applicable standard of review for the failure to state a claim provision is the same as the standard for a 12(b)(6) motion.  Grayson v. Mayview

State Hosp., 293 F.3d 103 (3d Cir. 2002). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007).

Plaintiff attaches to his complaint a copy of the Administrative Detention Order referred to in the complaint which serves as the basis for his current confinement in the SHU. (Dkt. Entry 1, Compl., Ex. A, Administrative Detention Order.) The Order specifically states that Plaintiff was placed in Administrative Detention on August 22, 2008 because he is pending classification. The Order further specifically provides that Plaintiff is "being placed in Administrative Detention pending reclassification to a low," and that he was provided with a copy of the Order and would remain there until further notice. (Id.)

It is well established that an inmate has no justifiable expectation that he will be incarcerated in a particular prison. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Meachum v. Fano, 427 U.S. 215 (1976). Further, the United States Supreme Court has held that inmates have "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976); see also Wilkins v. Bittenbender, et al., Civ. No. 3:CV-04-2397, 2006 WL 860140 at *16 (M.D. Pa. Mar. 31, 2006). A federal inmate simply has no liberty interest in his security classification. See James v. Reno, 39 F. Supp.2d 37, 40 (D.D.C. 1999).

Further, Plaintiff has not alleged that his placement in administrative custody awaiting reclassification has resulted in the type of atypical or significant hardship necessary to establish a constitutional violation under Sandin v. Conner, 515 U.S. 472, 484 (1995). Prison conditions do not impact a protected liberty interest unless the prison's action imposes "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483 (1995).  Confinement in administrative or punitive segregation, without more, will rarely be sufficient to establish the kind of "atypical" deprivation of prison life necessary to implicate a liberty interest. Id. at 486. "The determination of what is 'atypical and significant' is based upon the range of conditions an inmate would reasonably expect to encounter." McKeithan v. Jones, 212 Fed. Appx. 129, 130 (3d Cir. 2007)(citing Asquith v. Dep't. of Corrections, 186 F.3d 407, 412 (3d Cir. 1999); Griffin v. Vaughn, 112 F.3d 703, 706 & n.2 (3d Cir. 1997)).  Finally, an inmate placed in administrative custody pursuant to a legitimate penological reason could "be required to remain there as long as that need continues." Griffin, 112 F.3d at 709.

In deciding whether a protected liberty interest exists under Sandin, a federal court also considers the duration of the confinement and the condition of that confinement in relation to other prison conditions. Mitchell v. Horn, 317 F.3d 523, 532 (3d Cir. 2003)(citing Shoats, 213 F.3d at 144). In this case, Plaintiff was placed in administrative detention for the legitimate penological reason of classification.  He has only been housed there since August 22, 2008.

The conditions he alleges – including the loss of commissary privileges, movies, contact visitation and a fifteen minute phone call once a month – are not atypical and significant conditions. In a recent case, the Third Circuit Court of Appeals held that, where an inmate failed to allege that he was subjected to atypical conditions during his 930 day sentence to disciplinary confinement, he failed to show a deprivation of a cognizable liberty interest. Young v. Beard, 227 Fed. Appx. 138, 2007 WL 824172 (3d Cir. 2007). If a sentence of 930 days in disciplinary confinement does not implicate a liberty interest, then certainly Plaintiff's administrative confinement, without any allegations of atypical or significantly harsh conditions of that confinement in relation to other prison conditions, does not implicate a liberty interest.

Further, any equal protection argument fails to state a claim as well. The Equal Protection Clause of the Fourteenth Amendment essentially directs that all persons similarly situated should be treated alike. City of Cleburne, Texas v. Clebune Living Center, 473 U.S. 432, 439 (1985); Artway v. Attorney General of New Jersey, 81 F.3d 1235, 1267 (3d Cir. 1996). There are no allegations by Plaintiff that he is receiving different treatment from that received by other individuals similarly situated. See Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990).

Based on the foregoing, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  An appropriate Order follows.

s/ Thomas I. Vanaskie<br>
Thomas I. Vanaskie<br>
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE HUTCHINSON, :
:
     Plaintiff, : CIVIL NO. 3:CV-08-1802
:
vs. : (JUDGE VANASKIE)
:
RONNIE HOLT, et al., :
:
     Defendants. :

## O R D E R

NOW, THIS 16th DAY OF OCTOBER, 2008, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to proceed in forma pauperis (Dkt. Entry 5) is granted.

2. Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Clerk of Court is directed to mark this case closed.

4. Any appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

                                                  s/ Thomas I. Vanaskie
                                                  Thomas I. Vanaskie
                                                  United States District Judge